Fernando Arturo MARTINEZ–GALVAN, Petitioner,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 07–71814.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 27, 2009.

Brian David Lerner, Law Offices of Brian D. Lerner, Long Beach, CA, for Petitioner.

Jesse Matthew Bless, OIL, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Fernando Arturo Martinez–Galvan, a native and citizen of Mexico, petitions for review of the Board of Immigration Ap-

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

peals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for lawful permanent resident cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss the petition for review.

We lack jurisdiction to review the IJ's decision to deny Martinez's cancellation of removal application in the exercise of discretion. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003) ("We [have] interpreted [8 U.S.C. § 1252(a)(2)(B)(i) ] to encompass all discretionary decisions involved in the cancellation of removal context, including the ultimate discretionary decision to deny relief.").

We also lack jurisdiction to review the IJ's decision to deny Martinez's voluntary departure application in the exercise of discretion. *See* 8 U.S.C. § 1229c(f) (no court shall have jurisdiction over an appeal from the denial of voluntary departure).

Finally, Martinez's contention that the agency deprived him of due process by misapplying the law to the facts of his case does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

**PETITION FOR REVIEW DISMISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.